UNITED STATES DISTRICT COURT
District of Massachusetts

| | | |
|---|---|---|
| **KEVIN HURLEY,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04 11892 NG |
| | ) | |
| **RANGELEY LAKE RESORT** | ) | |
| **DEVELOPMENT CO., LLC, PAUL PECK** | ) | |
| **& PERRY D. WILLIAMS** | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER

NOW COME Defendants, Rangeley Lake Resort Development Co., LLC; Paul Peck; and Perry D. Williams, and respond to Plaintiff's Complaint and Demand for Jury Trial as follows:

## INTRODUCTION

The matters set forth in this section present legal conclusions to which no responses are required. To the extent responses may be required, Defendants deny the allegations set forth in this section. In addition, reference is made to Defendants' "Affirmative Defenses."

## JURISDICTION AND VENUE

The matters set forth in this section present legal conclusions to which no responses are required. To the extent responses may be required, Defendants deny the allegations set forth in this section. In addition, reference is made to Defendants' "Affirmative Defenses."

## PARTIES

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

983158.1

2. Defendants deny the allegations set forth in this paragraph. Defendants Peck and Williams are associated with a Maine corporation identified as Rangeley Lake Resort Development Co., LLC. Rangeley Lake Resort Development Co., LLC, does not have offices in New Hampshire.

3. Defendants deny the allegations set forth in this paragraph.

4. Defendants deny the allegations set forth in this paragraph.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Defendants admit that a document identified as Exhibit "A" was attached to the Complaint, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, deny same.

6. Defendants admit that a document identified as Exhibit "B" was attached to the Complaint, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, deny same.

7. The allegations set forth in this paragraph present a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

## FACTUAL ALLEGATIONS

8. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

9. Defendants deny the allegations set forth in this paragraph.

10. Defendants admit that Plaintiff traveled to Portland, Maine, at some point and met with certain individuals, but Defendants are without sufficient knowledge or information to form

983158.1

a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, deny same.

11. Defendants admit the allegations set forth in this paragraph, but note that Kevin Hurley was offered a position with Rangeley Lake Vacation Club, LLC.

12. Defendants deny the allegations set forth in this paragraph.

13. Defendants deny the allegations set forth in this paragraph.

14. Defendants admit that Plaintiff traveled to Portland, Maine, at some point and met with certain individuals, but Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, deny same.

15. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

16. Defendants deny the allegations set forth in this paragraph.

17. Defendants deny the allegations set forth in this paragraph.

18. The Defendants are without sufficient knowledge or belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

19. Defendants deny the allegations set forth in this paragraph.

20. Defendants deny the allegations set forth in this paragraph.

21. Defendants deny the allegations set forth in this paragraph.

22. Defendants deny the allegations set forth in this paragraph.

23. Defendants deny the allegations set forth in this paragraph.

24. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

983158.1

25. The Defendants deny the allegations set forth in this paragraph.

26. Defendants deny the allegations set forth in this paragraph.

27. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

28. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

29. Defendants deny the allegations set forth in this paragraph.

30. Defendants deny the allegations set forth in this paragraph.

31. Defendants deny the allegations set forth in this paragraph.

32. Defendants deny the allegations set forth in this paragraph.

33. Defendants deny the allegations set forth in this paragraph.

34. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

35. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

36. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

37. Defendants deny the allegations set forth in this paragraph.

38. Defendants deny the allegations set forth in this paragraph.

39. Defendants deny the allegations set forth in this paragraph.

40. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

983158.1

## COUNT I
## BREACH OF CONTRACT

41.     Defendants repeat the responses to paragraphs 1 through 40 with the same force and effect as if set forth fully herein.

42.     The allegations set forth in this paragraph present a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

43.     Defendants deny the allegations set forth in this paragraph.

44.     Defendants deny the allegations set forth in this paragraph.

## COUNT II
## BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT

45.     Defendants repeat the responses to paragraphs 1 through 44 with the same force and effect as if set forth fully herein.

46.     Defendants deny the allegations set forth in this paragraph.

47.     Defendants deny the allegations set forth in this paragraph.

48.     Defendants deny the allegations set forth in this paragraph.

49.     Defendants deny the allegations set forth in this paragraph.

50.     Defendants deny the allegations set forth in this paragraph.

51.     Defendants deny the allegations set forth in this paragraph.

52.     The allegations set forth in paragraph 52 present a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

## COUNT III
## WRONGFUL TERMINATION

53. Defendants repeat the responses to paragraphs 1 through 52 with the same force and effect as if set forth fully herein.

54. Defendants deny the allegations set forth in this paragraph.

## COUNT IV
## DETRIMENTAL RELIANCE

55. Defendants repeat the responses to paragraphs 1 through 54 with the same force and effect as if set forth fully herein.

56. Defendants deny the allegations set forth in this paragraph.

57. Defendants deny the allegations set forth in this paragraph.

## COUNT V
## INTENTIONAL (RECKLESS) INFLICTION OF EMOTIONAL DISTRESS

58. Defendants repeat the responses to paragraphs 1 through 57 with the same force and effect as if set forth fully herein.

59. Defendants deny the allegations set forth in this paragraph.

60. Defendants deny the allegations set forth in this paragraph.

61. Defendants deny the allegations set forth in this paragraph.

62. Defendants deny the allegations set forth in this paragraph.

## COUNT VI
## GOOD FAITH AND FAIR DEALING

63. Defendants repeat the responses to paragraphs 1 through 62 with the same force and effect as if set forth fully herein.

64. Defendants deny the allegations set forth in this paragraph.

65. Defendants deny the allegations set forth in this paragraph.

983158.1

## COUNT VII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

66. Defendants repeat the responses to paragraphs 1 through 65 with the same force and effect as if set forth fully herein.

67. Defendants deny the allegations set forth in this paragraph.

68. Defendants deny the allegations set forth in this paragraph.

## JURY DEMAND

Plaintiff is not entitled to a trial by jury. Specific reference is made to Defendants' Affirmative Defenses, including that which raises Plaintiff's obligation to arbitrate any disputes arising out of his Independent Contract Agreement.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense:
### Lack of Personal Jurisdiction

This Court lacks personal jurisdiction over each and every Defendant.

### Second Affirmative Defense:
### Improper Venue

Venue in this District is improperly laid.

### Third Affirmative Defense:
### Failure To State A Claim Upon Which Relief May Be Granted:
### Plaintiff Was An Independent Contractor

Plaintiff was an independent contractor, not an employee, and therefore he is not eligible for relief under 42 U.S.C. §§ 2000e-1 et seq.

### Fourth Affirmative Defense:
### Failure To State A Claim Upon Which Relief May Be Granted:
### Plaintiff Was Not Employed by Defendants

Plaintiff was employed by D.K. Hurley Associates, a party that is not named in the Complaint and that is entirely unrelated to the Defendants.

983158.1

**Fifth Affirmative Defense:**
**Failure to State a Claim Upon Which Relief May be Granted**
**Plaintiff Has Named A Non-Existent Corporation As A Party**

Plaintiff has named as Rangeley Lake Development Co., LLC, and alleged that such entity is a Maine corporation. The Office of the Secretary of State for the State of Maine lists no such entity.

**Sixth Affirmative Defense:**
**Insufficiency of Service of Process**

Plaintiff has wrongly identified a corporate defendant and, accordingly, has not effected proper service on any legally recognized corporate entity.

**Seventh Affirmative Defense:**
**Employee At Will**

If Plaintiff was an employee of Defendant or a related party, then he was an employee at will.

**Eighth Affirmative Defense:**
**Statute Of Frauds**

Plaintiffs' claims based on an alleged five-year contract are barred by, *inter alia*, the statute of frauds because the only document between the parties provides for a term of, at most, only one year.

**Ninth Affirmative Defense:**
**Pre-emption By Workers' Compensation Statute**

If Plaintiff is an employee, his claims are pre-empted by the Workers' Compensation Statute in any state whose law this court could apply to his claims.

**Tenth Affirmative Defense:**
**Breach Of Contract**

Plaintiff failed to comply with the terms of any contract with Defendant or any related party by, *inter alia*, failing to perform his job according to its terms.

983158.1

**Twelfth Affirmative Defense:**
**Failure To State A Claim Upon Which Relief May Be Granted:**
**No Fraudulent Statements Alleged**

As to Count II of Plaintiff's complaint, Plaintiff fails to allege any fraudulent statements made by Defendants to him. He alleges only that Defendants gave his wife a command she did not agree with – a statement that cannot be false, as it does not state any facts.

**Thirteenth Affirmative Defense:**
**Failure To State A Claim Upon Which Relief May Be Granted:**
**Claim for Tortious Interference Unavailable**

Plaintiff has failed to state a claim for tortious interference because, *inter alia*, according to the Complaint's allegations, Defendant Rangeley Lake Resort Development was a party to the contract with Plaintiff, and Defendants Paul Peck and Perry Williams were agents of Defendant Rangeley Lake Resort Development. A party to a contract cannot tortiously interfere with the contract. Any claims against Defendants sound in contract, not tort.

**Fourteenth Affirmative Defense:**
**Failure To State A Claim Upon Which Relief May Be Granted:**
**No Duty Of Good Faith And Fair Dealing Under Applicable Law**

Plaintiff has failed to state a claim for violation of a "duty of good faith and fair dealing" because, under the state laws that apply to this case, there is no such cause of action.

**Fifteenth Affirmative Defense:**
**Failure To Mitigate**

If Plaintiff suffered any damages, Plaintiff has failed to mitigate such damages.

**Sixteenth Affirmative Defense:**
**Injury By Fellow Servant**

Plaintiff's injuries, if any, were a result of injury by a fellow servant.

9

983158.1

### Seventeenth Affirmative Defense:
### Unforeseeable Employee Misconduct

Plaintiff's injuries, if any, were caused by unforeseeable employee misconduct.

### Eighteenth Affirmative Defense:
### Unpreventable Employee Misconduct

Plaintiff's injuries, if any, were caused by unpreventable employee misconduct.

### Nineteenth Affirmative Defense:
### Failure to Exhaust Contractual Remedies

Any contract between Plaintiff and any of Defendants, or any party related to any of Defendants, contained a binding arbitration provision.  Plaintiff is thus limited to that remedy and is contractually prohibited from bringing this suit.

### Twentieth Affirmative Defense:
### Failure To State A Claim Upon Which Relief May Be Granted

Plaintiff has failed to state a claim upon which relief may be granted.

WHEREFORE, the Defendants pray that Plaintiff's Complaint be dismissed and that Defendants be awarded their costs and such other and further relief as the Court deems just and proper.

Dated:  January 3, 2005

Respectfully submitted,

/s/ Roy T. Pierce

Roy T. Pierce, BBO# 562811
Attorney for Defendants

PRETI, FLAHERTY
One City Center, P. O. Box 9546
Portland, ME  04112-9546
(207) 791-3000
 rpierce@preti.com

10

983158.1

## CERTIFICATE OF SERVICE

      I hereby certify that on January 3, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

      **RICHARD C. CHAMBERS, JR., ESQUIRE**
      evan@chamberslawoffice.com

      /s/ Roy T. Pierce
      Roy T. Pierce
      PRETI, FLAHERTY, BELIVEAU, PACHIOS &
      HALEY, LLP
      One City Center
      P.O. Box 9546
      Portland, ME  04112-9546
      Tel: (207) 791-3000
      Fax: (207) 791-3111

983158.1