UNITED STATES DISTRICT COURT
District of Massachusetts

| | |
|---|---|
| DIANE HURLEY,<br>    Plaintiff<br><br>v.<br><br>RANGELEY LAKE DEVELOPMENT CO.,<br>LLC, PAUL PECK & PERRY D.<br>WILLIAMS<br>    Defendants | Civil Action No.<br>04-11891-RCL |
| KEVIN HURLEY,<br><br>    Plaintiff<br><br>v.<br><br>RANGELEY LAKE DEVELOPMENT CO.,<br>LLC, PAUL PECK & PERRY D.<br>WILLIAMS<br>    Defendants | Civil Action No.<br>04-11892-NG |

### MOTION TO CONSOLIDATE TWO CIVIL CASES

NOW COMES the Plaintiffs, Diane Hurley and Kevin Hurley, in the above captioned matters, by their counsel hereby move this Honorable Court for an Order consolidating the actions for all purposes before the Honorable Judge Reginald Lindsay.

As grounds therefore, the Plaintiffs state:

1. The Plaintiffs and Defendants are represented by the same counsel in each separate action.

2. Each Plaintiff brings allegations against Defendants for Breach of Contract, Intentional Infliction of Emotional Distress, violation of their duties of good faith and fair dealing, Detrimental Reliance, Wrongful Termination, Discrimination, Misrepresentation and other



violations of the constitutions and laws of Maine, New Hampshire, Massachusetts, and the United States of America. Plaintiffs allege that the defendants engaged in acts of sexual harassment, sexual and other discrimination and wrongful termination regarding Plaintiffs and others, who sought relief from the Plaintiffs, which resulted in actions by the Defendants giving rise to the above claims.

Therefore, the allegations by both Plaintiffs involve substantially similar factual and legal issues arising out of the same location.

3. Consolidation is appropriate where there are actions involving common questions or law or fact. Fed.R.Civ.P. 42(a). See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (3d Cir.)(1990). Here, the test is met and accordingly the actions should be consolidated.

4. Diane Hurley v. Rangeley Lake Development Co., et al, Civil Docket No. 04-11891-RCL ("Diane Hurley matter") is set forth on the Honorable Judge Reginald Lindsay's docket. Judge Lindsay scheduled and the parties attended a scheduling conference on February 10, 2005. At said conference Judge Lindsay heard the basic positions of the parties as well as information on the other action involving the same Defendants, Kevin Hurley v. Rangeley Lake Development Co., et al, Civil Docket No. 04-11892-NG ("Kevin Hurley matter") The Defendants have also filed an Amended Motion to Dismiss in the Diane Hurley matter, which incorporates facts, claims and requests for relief in the Kevin Hurley matter.

5. Accordingly the Plaintiffs submit that Judge Lindsay is in a unique position to appreciate the full scope, and legal ramifications of all relevant facts, which bear on these actions.

6. Plaintiffs' counsel attempted to receive an assent to this motion from Defendants' counsel and did not receive a clear assent, but also did not receive a dissent. Based on the

violations of the constitutions and laws of Maine, New Hampshire, Massachusetts, and the United States of America. Plaintiffs allege that the defendants engaged in acts of sexual harassment, sexual and other discrimination and wrongful termination regarding Plaintiffs and others, who sought relief from the Plaintiffs, which resulted in actions by the Defendants giving rise to the above claims.

Therefore, the allegations by both Plaintiffs involve substantially similar factual and legal issues arising out of the same location.

3. Consolidation is appropriate where there are actions involving common questions or law or fact. Fed.R.Civ.P. 42(a). See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (3d Cir.)(1990). Here, the test is met and accordingly the actions should be consolidated.

4. Diane Hurley v. Rangeley Lake Development Co., et al, Civil Docket No. 04-11891-RCL ("Diane Hurley matter") is set forth on the Honorable Judge Reginald Lindsay's docket. Judge Lindsay scheduled and the parties attended a scheduling conference on February 10, 2005. At said conference Judge Lindsay heard the basic positions of the parties as well as information on the other action involving the same Defendants, Kevin Hurley v. Rangeley Lake Development Co., et al, Civil Docket No. 04-11892-NG ("Kevin Hurley matter") The Defendants have also filed an Amended Motion to Dismiss in the Diane Hurley matter, which incorporates facts, claims and requests for relief in the Kevin Hurley matter.

5. Accordingly the Plaintiffs submit that Judge Lindsay is in a unique position to appreciate the full scope, and legal ramifications of all relevant facts, which bear on these actions.

6. Plaintiffs' counsel attempted to receive an assent to this motion from Defendants' counsel and did not receive a clear assent, but also did not receive a dissent. Based on the

Defendants' Amended Motion to Dismiss (referenced above) it appears the Defendants would agree to consolidation of these matters.

WHEREFORE, the Plaintiffs respectfully request that their two civil matters be consolidated on the docket of the Honorable Judge Reginald Lindsay.

### LOCAL RULE 7.1 CERTIFICATION

Plaintiffs' counsel has conferred with Defendants' counsel, in good faith, with respect to narrowing or resolving this matter.

Dated: May 23, 2005

RESPECTFULLY SUBMITTED,
DIANE HURLEY
KEVIN HURLEY
By her attorneys,

*/s/ Richard C. Chambers, Jr.*
Richard C. Chambers, Jr.
BBO#651251
Chambers Law Offices
855R Broadway, Suite 101
Saugus, MA 01906
Tel: (781) 231-9432

- and -

*/s/ Paul L. Kenny*
Paul L. Kenny
BBO# 268820
42 High Street
Medford, MA 02155
Tel: (781) 393-6603

### CERTIFICATE OF SERVICE

I, Richard C. Chambers, Jr., hereby certify that a true copy of the foregoing document was served upon Roy T. Pierce, attorney of record for the Defendants, by first class mail, postage prepaid to said counsel at: PRETI, FLAHERTY, BELIVEAU, PACHIOS & HALEY, LLP, One City Center, P.O. Box 9546, Portland, ME 04112-9546.

Dated: May 23, 2005

*/s/ Richard C. Chambers, Jr.*
Richard C. Chambers, Jr.